UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:07-CR-10028-01 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| SHELDON W HANNER (01) | |

## RULING

Before us now is the matter of Sheldon Hanner's "second and successive" §2255 motion based upon what he considers to be "Johnson"[1] errors at his sentencing in 2008. (Docs. 109 and 113). As we observed in our order of October 24, 2019 ("Order") (Doc. 120), Hanner received permission from the Fifth Circuit Court of Appeals to file his successive motion. At issue before us is the correct application of the Armed Career Criminal Act ("ACCA") at 18 U.S.C. §924(e).

In the aforementioned Order, we found that Hanner had made the necessary showing for the Court to reach the merits of his §2255 motion based upon the 2008 sentencing colloquy and the extensive record discussion on whether Hanner's prior manslaughter conviction in Louisiana constituted a "crime of violence" under the residual clause of the ACCA.

We also invited briefing from the parties on several salient questions in advance of a proposed possible resentencing of Mr. Hanner. We received more than adequate briefing. We likewise received voluntary consent from counsel from the Government and Defendant to rule on what is only a matter of law regarding Hanner's motions. In the course of briefing the Government filed a motion to reconsider our determination that Hanner had made the necessary showing to get him across the line for a determination of his successive §2255 motion. (Doc.

---

[1] In Johnson vs. United States, 135 S.Ct. 2551 (2015), the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process.

124). What the Government correctly pointed out was the precedential impact of the Fifth Circuit's ruling in a recent decision, U.S. vs Clay, 921 F.3d 550 (5th Cir.2019), decided and the revised on April 25, 2019.

In Clay, the Circuit was faced with a similar ACCA situation, except that Clay did not challenge the ACCA sentencing enhancement on direct appeal. Like Hanner, Clay argued in his successive §2255 motion that the sentencing court relied upon the residual clause to impose his ACCA enhanced sentence. In considering the successive §2255 filing, the district court denied the petition without review of requisite documents and said it lacked jurisdiction over the successive petition because Clay had not shown that the district court relied upon the "residual clause" (in the ACCA). In the alternative, the district court held Clay could not succeed on the merits of his §2255 petition because his prior convictions did qualify as "violent felonies." Id. at 554. On a Certificate of Appealability, the Fifth Circuit guided as follows:

> Faced with a situation where the standard of proof makes a difference to the outcome, this court sides with the majority of circuits and holds that a prisoner seeking the district court's authorization to file a successive §2255 petition raising a Johnson claim must show that it was more likely than not that he was sentenced under the residual clause.  This standard best comports with the general civil standard review and with stringent and limited approach of [the Antiterrorism and Effective Death Penalty Act] to successive habeas applications.

Id. at 558-59 (internal footnote, quotations marks, and citations omitted).

In contemplating how the rules apply, we note that Hanner's situation is factually different from Clay's.  In Hanner's case, as the Government pointed out in its submissions, there has never been any question regarding the applicability under the ACCA of his prior offenses for aggravated burglary and second degree battery. Hanner's defense admitted as much. The only remaining issue at the time of sentencing was whether the third conviction, for manslaughter, qualified as a "violent felony" under Louisiana law.  If so, it would not fall under the invalidated

"residual clause" in the ACCA. The Hanner situation is particularly different from the Clay situation because the issue of whether the manslaughter charge qualified has been foreclosed by the Fifth Circuit's own analysis in Hanner's appeal. In an extensive analysis, the record having been supplemented with necessary supporting documents, the majority opinion analyzed the application of the statute AS TO HANNER and determined that the manslaughter conviction was indeed a crime of violence.

With that determination, any inquiry into whether this district court thought, or not, about whether this offense was under the "residual clause" is moot. Further, even if that surmise could be entertained, Hanner is not able to carry his burden of proof under circuit precedent from Clay. Correctly posited by the Government in its reconsideration motion, is this: "[I]f it is unclear from the record whether [this] [C]ourt had relied on the residual clause, [Hanner]– who bears the burden of proof– loses." (Doc. 124, p.2).

To summarize, we find here that Hanner has not met the burden of proof necessary to allow for any change in the sentence previously imposed. The Government's Motion for Reconsideration is well taken, has merit and is **GRANTED**. That part of our Order of October 24, 2019, that suggests Hanner has met his burden of proof for a determination on the merits and for resentencing, is therefore vacated and recalled. His §2255 motion and motion for "Johnson" relief are both, consequentially, **DENIED**.

THUS DONE AND SIGNED this 18th day of June 2020, at Alexandria, Louisiana.

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT