UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. 1:07-CR-10028-01 |
| **VERSUS** | JUDGE DRELL |
| **SHELDON HANNER** | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING AND ORDER

Before the court is a motion entitled "Request for Compassionate Release Due to Vulnerability to Complications from COVID-19 (Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)), and for the Appointment of Counsel to File Said Motion" filed by defendant Sheldon Hanner ("Defendant" or "Hanner"). (Doc. 135). The government timely filed its response in opposition to Hanner's motion. (Doc. 139). The motion is, accordingly, fully briefed and properly before the court for disposition. Having carefully reviewed the record in this case, as well as relevant law and jurisprudence, the court has determined that the motion will be DENIED for the reasons fully explained below.

### I.   Background

On December 19, 2008, Hanner was sentenced by this Court to serve three hundred (300) months imprisonment with five (5) years supervised release to follow for the crime of Felon in Possession of Firearms and Ammunition. Hanner is currently housed in FCI Yazoo City, a Bureau of Prisons ("BOP") facility in Yazoo City, Mississippi.

Hanner is seeking compassionate release because of the COVID-19 pandemic and underlying medical conditions which increase his risk of severe illness from COVID-19. Hanner also prayed for appointment of counsel to represent him in this matter.

1

## II. Appointment of Counsel

The Court will first address Hanner's request for appointment of counsel. (Doc. 135). Hanner filed his motion for compassionate release with prayer for the Court to appoint counsel on November 23, 2020. On the same date, the Court entered a Standard Procedural Order stating:

> The [Office of the Federal Public Defender (FPD)] shall have five (5) days from the date the *pro se* motion is entered into the record to screen such matters and in appropriate cases file a motion to enroll or to request appointment of counsel from the Criminal Justice Act panel in the case of a prohibitive conflict that would prevent FPD representation of a client or other good cause supports appointment of outside counsel.

(Doc. 136). Also on the same date, the FPD advised the Court that it would not be enrolling on behalf of Defendant. Appointment of counsel is not required in this instance under the Criminal Justice Act. See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter. Therefore, Hanner's prayer for appointment of counsel (Doc. 135) is **DENIED**.

## III. Law and Analysis of Compassionate Release Request

The compassionate release provision, as amended by the First Step Act of December 2018, provides in relevant part:

> (c) Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that --
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-

> (i) extraordinary and compelling reasons warrant such a reduction ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ...

18 U.S.C. §3582 (c)(1)(A).

The Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule. United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020). The court must then find, after consideration of the factors set forth in 18 U.S.C. § 3553(a) that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) any sentence reduction is consistent with applicable Sentencing Commission policy. 18 U.S.C. §3582 (c)(1)(A). Because the factors set forth in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy present consistent concerns, each will be discussed together.

### A. Exhaustion of Remedies

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as "compassionate release" motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The First Step Act amended § 3582(c) to provide an inmate an avenue to file a compassionate release motion on his own behalf after being denied relief by the BOP. Prior to the First Step Act, an inmate's only avenue to compassionate release was through the filing of a motion on his behalf by the BOP. United States v. Cantu, 423 F.Supp.3d 345, 347 (S.D. Tex. 2019). The exhaustion requirement for motions filed directly by an inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has

3

been a lapse of thirty (30) or more days from the receipt of such request by the warden of the defendant's facility, whichever is earlier. In each instance, the court will consider the inmate's administrative remedies fully exhausted. 18 U.S.C. §3582(c)(1)(A).

Evidence before the court establishes that Hanner did exhaust his administrative remedies regarding this claim for compassionate release. On August 29, 2020, Hanner submitted a request for compassionate release to the Warden of FCI Yazoo City Low. (Doc. 135-2). On November 16, 2020, after receiving no response to the request Hanner filed the instant motion. (Doc. 135). Accordingly, failure to exhaust is not at issue in this case.

B. Extraordinary and Compelling Reasons

A court must also find that "extraordinary and compelling reasons" warrant the requested reduction. 18 U.S.C. §3582(c)(1)(A). 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

Turning to the Guidelines, U.S.S.G. § 1B1.13, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A), explains that a reduction is authorized when the court determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community. Under § 1B1.13 Application Note 1, the following are deemed extraordinary and compelling reasons: (1) defendant's medical condition; (2) defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination

with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1(D).

Hanner's motion contends that his medical conditions, which are normally manageable by the BOP health care system, increase his risk of severe illness from COVID-19. Courts have concluded that extraordinary and compelling reasons warranting release exist where (1) defendant has underlying health complications that will or may increase the risk of severe illness from COVID-19, and (2) the BOP facility in question is either not taking proper precautions to protect the inmates from COVID-19 or despite precautionary steps the spread of COVID-19 within the BOP facility is uncontrollable. See United States v. Samuels, 2020 WL 7265378, *4 (W.D.La, 2020)(concluding defendant presented extraordinary and compelling reasons to warrant his release after finding (1) defendant was diagnosed with conditions which increase the risk of severe illness from COVID-19, and (2) an increase of 65 cases of COVID-19 among inmates within his BOP facility within a four day period.); See also United States v. Ullings 2020 WL 2394096, *4-5 (N.D. Ga, 2020)(concluding defendant presented extraordinary and compelling reasons to warrant his release after finding (1) defendant was diagnosed with conditions which increase the risk of severe illness from COVID-19, and (2) the facility in which defendant was detained was not practicing precautionary steps to curb the spread of COVID-19 including socially distancing inmates and requiring guards and inmates to properly wear facemasks when feasible.)

Hanner alleges and the United States concedes that he is diagnosed with diabetes and that diabetes increases the risk of severe illness from COVID-19.

Regarding the management of COVID-19 within FCI Yazoo City Low, this Court understands each BOP facility is battling the COVID-19 pandemic the best it can with the resources it has available. The Court also recognizes that the BOP has made "extensive and

professional efforts to curtail the virus's spread," see United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020), and that its operational procedures have been modified to combat any further spread.

Neither the Hanner nor the government briefed whether the FCI Yazoo City Low is either not taking proper precautions to protect the inmates from COVID-19 or despite precautionary steps the spread of COVID-19 within the FCI Yazoo City Low is uncontrollable. The government concedes that extraordinary and compelling circumstances exist in this case but opposes Hanner's motion on the following grounds.

C. Consideration of § 3553(a) factors and Reduction Consistent with Policies of the Sentencing Commission

The government's response in opposition to Hanner's motion relies in significant part on the 18 U.S.C. § 3553(a) factors and the policies of the Sentencing Commission provided in U.S.S.G. § 1B1.13(2). (Doc. 166 at pp. 8-11). There is considerable overlap between the two and they will be discussed *en masse*.

18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution. In the context of compassionate release, other considerations include (8) risk of recidivism the defendant poses, (9) the time remaining on his sentence, (10) the

quality of his release plan, and (11) the impact of the BOP's efforts to maintain the safety of inmates.

Applicable policies of the Sentencing Commission require that Defendant must no longer be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires consideration of (1) the nature and circumstances of the charge, (2) the weight of evidence against defendant, (3) the history and characteristics of defendant, and (4) the nature and seriousness of the danger to any person of the community at large that would be posed by defendant's release.

Hanner's criminal history is lengthy with multiple convictions for extremely violent behavior, including manslaughter, providing for a criminal history category of VI. Regarding the instant offense, Hanner was found in the possession of seven different loaded firearms. Local law enforcement became aware of the instant offense because Hanner committed Domestic Abuse on an ex-girlfriend striking her with a belt with a large buckle causing noticeable injuries. (Doc. 105). Hanner has shown that despite court intervention and sentencing he continues to engage in violent behavior and criminal activity.

Moreover, Hanner has served a little over half of his three hundred (300) month sentence, and this Court does not find that compassionate release, at this time, will be justified after consideration of the § 3553(a) factors set forth above.

## IV.     Conclusion

For the reasons enumerated above, it is hereby ORDERED that Defendant's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 21st day of January 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT