UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

CASE NO. 1:07-cr-10028-01

-vs-

JUDGE DRELL

SHELDON W HANNER (01)

MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM RULING AND ORDER

Before the court is Defendant Sheldon Hanner's "Third Motion for Compassionate Release." (Doc. 147). For the reasons below, Mr. Hanner's third motion for compassionate release will be **DENIED**.

## I.    BACKGROUND

Defendant Sheldon Hanner was indicted on one count of possession of a firearm or ammunition by a convicted felon in violation of 18 U.S.C §§ 922(g)(1) and 924(e)(1). (Doc. 2). After a jury trial, Mr. Hanner was found guilty of the above offense on July 28, 2008. Based on Mr. Hanner's prior convictions for aggravated burglary, manslaughter, and second-degree battery, this court sentenced Defendant to a total of 300 months, or 25 years, of imprisonment as an "armed career criminal," as defined under 18 U.S.C. § 924(e)(1). (Docs. 47, 48). He is an inmate at the Federal Correctional Institution in Oakdale, Louisiana ("FCI Oakdale"), where he has served 15 years of his sentence.

Mr. Hanner is a 62-year-old man who suffers from several maladies, including hypertension, obesity, and type 2 diabetes. (Doc. 141-2). With the swell of COVID-19 diagnoses throughout the prison, Mr. Hanner grew concerned for his health. On August 29, 2020, he submitted a request to the Bureau of Prisons ("BOP") to be released given his increased risk for

1

severe illness from COVID-19 were he to be infected. (Doc. 135-1). Hanner claims that BOP failed

to respond within the prescribed thirty-day period. (Doc. 135). On November 23, 2020, Hanner

filed his first motion for compassionate release because of "vulnerability to complications from

COVID-19" based on his past medical history. (Doc. 135). The Government filed an opposition to

the motion on December 3, 2020, asserting that Hanner failed to demonstrate that he no longer

posed "a danger to the safety of any other person or to the community" or show that his release

was consistent with the factors listed under 18 U.S.C. § 3553(a) ("Section 3553(a)"). (Doc. 139).

We considered both parties' arguments and denied Mr. Hanner's motion on January 21, 2021,

finding his compassionate release to be inappropriate upon consideration of the Section 3553(a)

factors. (Doc. 140).

On February 2, 2022, Hanner filed his second motion for compassionate release. (Doc.

141). In it, he provided another request to the FCI Oakdale's warden for compassionate release

dated December 21, 2021, based again on his COVID-19 risk factors, and in the alternative, a

reduction in sentence because he was not granted credit for time served from the date of his arrest

by the LaSalle Parish Sheriff's Office on August 15, 2007. (Docs. 141-1, 141). Mr. Hanner claims

that the warden failed to respond to his request within the allotted thirty-day period.[1] (Doc. 141).

The Government filed an opposition to Hanner's second motion for compassionate release,

contending this Court lacked jurisdiction to consider the motion because of a pending appeal

before the Fifth Circuit. That appeal involved our denial of Mr. Hanner's motion to vacate, correct,

or set aside his sentence, pursuant to 18 U.S.C § 2255 ("Section 2255 motion"). (Doc. 142).

---

[1] In its opposition to the instant motion, the Government states that the warden at FCI Oakdale denied Mr. Hanner's request for compassionate release on February 3, 2022. (Doc. 150). There is no evidence of such a denial. Even if taken as true, this date comes after the thirty-day period Defendant must acknowledge before filing a motion for compassionate under 18 U.S.C. § 3582(c)(1)(A) with this court.

Defendant filed a reply to the Government's opposition asserting nothing more than bald assertions for jurisdictional basis for this Court to consider his motion. (Doc. 143). On March 3, 2022, we denied Mr. Hanner's second motion for compassionate release, finding that we in fact did not have jurisdiction to consider the filing, given the pending appeal. (Doc. 144). On April 22, 2022, the Fifth Circuit affirmed our ruling on the Section 2255 motion, thus returning jurisdiction over Mr. Hanner's case to this Court. See United States v. Hanner, 32 F.4th 430 (5th Cir. 2022).

Since we lacked jurisdiction to consider Mr. Hanner's second motion for compassionate release, he filed a substantively similar one with this Court on October 24, 2022. (Doc. 147). In the instant motion for compassionate release—his third—Mr. Hanner renews his arguments that extraordinary and compelling circumstances merit his release. Particularly, subjective mishandling of cleaning agents to sanitize surfaces increase the risk of COVID-19 infections at the prison facility, Mr. Hanner's underlying health conditions increases his likeliness of severe illness if he contracted COVID-19, and his 84-year-old mother in nearby Jena, Louisiana who lives alone and needs his care all amount to "extraordinary and compelling reasons" meriting his release. (Doc. 147). In the alternative, Mr. Hanner renewed his argument about a reduction in sentence by 90 days, based on previous time served in connection with his arrest in LaSalle Parish, Louisiana. (Doc. 147). The Government filed its opposition to the instant motion on November 15, 2022, repeating similar arguments about the lack of legal basis for Defendant's release from prison or a reduction in sentence. (Doc. 148). On November 29, 2022, the Government filed an amended opposition to Defendant's motion to include Mr. Hanner's medical records which reflect that he received a third dose of the Moderna COVID-19 vaccine on January 25, 2022. (Doc. 150). Based on the medical record excerpts furnished by Mr. Hanner, there are no documented positive tests for COVID-19. (Docs. 135-2, 141-2).

## II.    APPLICABLE LAW

Generally, courts cannot modify sentences once imposed. <u>Freeman v. United States</u>, 564 U.S. 522, 526 (2011); <u>see also</u> 18 U.S.C. § 3582(c). However, this rule is subject to some exceptions. A court may reduce a term of imprisonment upon finding "extraordinary and compelling" circumstances and consideration of the factors set forth in 18 U.S.C. § 3553(a) ("Section 3553(a) factors"). 18 U.S.C. § 3582(c)(1)(A); <u>United States v. Thompson</u>, 984 F.3d 431, 433 (5th Cir. 2021). Should a court find no "extraordinary or compelling reason[]" that warrants a reduction in sentence, the court may end its analysis there, but it is not foreclosed from weighing the Section 3553(a) factors to determine whether to grant or deny a defendant's release. <u>See</u> <u>id.</u>

If a court does accept the "extraordinary and compelling reasons" provided in the motion and duly examines the Section 3553(a) factors, then the defendant's sentence should be reduced in accordance with "applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C.§ 3582(c)(2). The policy statement that specifically references Section 3582 is United States Sentencing Guidelines § 1B1.13 ("Section 1B1.13" or the "Guidelines"). It provides that "[u]pon motion of the Director of the Bureau of Prisons [("BOP") or the defendant[2]]," a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the court finds that "extraordinary and compelling reasons warrant the reduction[;] the defendant is not a danger to the safety of any other person or to the community[; and] the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2)-(3).

---

[2] The policy statement's commentary provides that "[t]his policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law." U.S.S.G. § 1B1.13 cmt. n.4. As of 2018, the law now recognizes that either the BOP director or the defendant, subject to administrative exhaustion, may to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A).

Although not binding or dispositive, Section 1B1.13's policy statement in the Guidelines includes commentary specifying the types of medical conditions that could qualify as extraordinary and compelling reasons for sentence reduction. Thompson, 984 F.3d at 433. First, this standard is met if the defendant is "suffering from a terminal illness[,*e.g.*,] metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, a defendant also qualifies under this standard if he or she: (1) suffers from a serious physical or medical condition, (2) suffers from a serious functional or cognitive impairment, or (3) experiences deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. Id. § 1B1.13, cmt. n.1(A)(ii). The commentary also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons," including some related to the defendant's age and familial circumstances. Id. § 1B1.13, cmt. n.1(B)-(C). Reductions may be appropriate for defendants who are 70 years old and who have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). Id. § 1B1.13(1)(B).[3] The family circumstances courts may consider as an adequate reason for a sentence reduction are limited to the need to care for a defendant's minor children or a spouse or registered partner, when no other caregiver is available. Id. § 1B1.13, cmt. n.1(C). Finally, the commentary recognizes the possibility that BOP could identify other grounds that amount to extraordinary and compelling reasons for sentence modification. Id. § 1B1.13, cmt. n.1(D).

---

[3] This provision is not applicable in this case, because Mr. Hanner is only 62 years old and has only served just over half of his 300-month sentence.

Following the passage of the First Step Act of 2018, BOP's director amended its regulations and issued BOP Program Statement 5050.50. The statement sets forth, in detail, BOP's definition of the circumstances that may support a request for compassionate release, which is limited to the same bases the Sentencing Commission identified: serious medical conditions, advanced age, and familial circumstances. FED. BUR. OF PRISONS, PROGRAM STATEMENT 5050.50 – COMPASSIONATE RELEASE/REDUCTION IN SENTENCE: PROCEDURES FOR IMPLEMENTATION OF 18 U.S.C.§§ 3582 AND 4205(g) (Jan. 17, 2019).

## III.   ANALYSIS

### A. <u>Mr. Hanner has not shown extraordinary and compelling reasons that warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A).</u>

Mr. Hanner argues that extraordinary and compelling reasons warrant his early release from imprisonment. His reasons may be broadly grouped into two categories: (1) medical and sanitation concerns at FCI Oakdale related to COVID-19 mitigation and (2) familial circumstances, specifically the deterioration of his 84-year-old mother's health. (Doc. 147). We will take each category of reasons in turn.

> 1. *Mr. Hanner's vaccination status and the BOP COVID-19 mitigation procedures at FCI Oakdale undermine his reasons for a sentence reduction based on extraordinary and compelling circumstances.*

We addressed Mr. Hanner's concerns about his risk of contracting the COVID-19 virus and his susceptibility to severe illness due to various underlying conditions in a previous ruling and order, (Doc. 140). And, while Mr. Hanner has since been transferred to a different prison facility—from FCI Yazoo City in Yazoo City, Mississippi to FCI Oakdale—his concerns about the propriety of the use of cleaning agents to sanitize surfaces throughout FCI Oakdale again fails to meet to the exceptional standard needed to grant release under Section 3582. Today, we merely reiterate those conclusions. Based on Mr. Hanner's medical and vaccine records, (Docs. 135-2,

6

141-2, 150), Defendant's susceptibility to COVID-19 and risk of severe illness are largely diminished in light of his receipt of a third dose of the Moderna COVID-19 vaccine, (Doc. 150-1). See CDC, BENEFITS OF GETTING A COVID-19 VACCINE (updated Dec. 22, 2022) (noting that "[a]ll COVID-19 vaccines currently available in the United States have been shown to be highly effective at preventing COVID-19"; that the approved vaccines are safe; and that getting COVID-19 vaccines are "*effective at protecting people from getting seriously ill, being hospitalized, and even dying [if infected]*") (emphasis added) https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html; accord United States v. Beltran, No. 6:16-4(SSSS)-4, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) and United States v. Isidaehomen, No. 3:16-cr-0240-B-4, 2021 WL 243458, at *3 (N.D. Tex. Jan, 25, 2021) (where other district courts in the Fifth Circuit have denied motions for compassionate release to vaccinated prisoners making similar claims, based on a COVID-19 vaccine's effectiveness in reducing COVID-19 cases or becoming seriously ill if an inmate does become infected).[4] Also, based on BOP's continued efforts to curtail the virus's spread among inmates through amendments to its operational procedures where necessary, we do not find that Mr. Hanner's concern for the correct usage of the cleaning supplies available to sanitize surfaces at the prison clears the high bar of an "extraordinary and compelling reason" under the Guidelines.

---

[4] Out of an abundance of caution, we must explicitly state that we are not encouraging unvaccinated inmates with preexisting or underlying health conditions to refrain from getting vaccinated against COVID-19 in hopes that remaining unvaccinated will increase his or her chances of having a motion for compassionate release granted. When considering motions for compassionate release under Section 3582, we are still bound by the Thompson framework articulated by the Fifth Circuit. Thus, if an inmate—vaccinated fully, in part, or not at all—does not meet the criteria set out in Section 3582, this Court is obligated to deny the requested relief.

7

2. *Care for Mr. Hanner's elderly mother does not give rise to an extraordinary or compelling reason contemplated by the Guidelines.*

Second, we consider whether Mr. Hanner's need to care for his ailing, octogenarian mother qualifies as an "extraordinary and compelling reason" warranting release under Section 3582. It does not. The family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed under the policy statement of the Guidelines and do not encompass providing care to elderly parents. Instead, the family circumstances that may be considered adequate reasons for a sentence reduction are limited to the need to care for a defendant's minor children or a spouse or registered partner *when no other caregiver is available*. See U.S.S.G. § 1B1.13, cmt. n.1(C). While certainly admirable, a desire to help care for one's elderly parents does not qualify as an "extraordinary and compelling reason" for release under the Guidelines, nor therefore, under Section 3582. After all, "[m]any, if not all inmates, having aging and sick parents." United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (denying compassionate release motion to care for defendant's ill mother). Even if the policy statement could be stretched in some circumstances to cover a defendant's elderly parents, a critical consideration in this guidance is that no other person other than the defendant is available to serve as a caretaker of a minor or incapacitated immediate family member. As Mr. Hanner's own exhibits demonstrate, other family members—namely his sister and adult children—are available to help care for his mother. (Doc. 147-1). The availability, not the feasibility, of that care for Mr. Hanner's ailing mother is what this Court considers most important in assessing whether to grant the instant motion under the "extraordinary and compelling reasons" standard. See, e.g., United States v. Kelly, No. 4:06-cr-297, 2022 WL 1748250, at *6 (E.D. Tex. May 27, 2022) (denying compassionate release to a defendant who failed to show that he was the only available caregiver for his elderly parents); United States v. Shabazz, Crim. Action No. 17-43 (JDB), 2021

8

WL 4306129, at *3 (D.D.C. Sept. 22, 2021) (denying compassionate release where the defendant had not shown that he was the only available caregiver for his elderly mother, that his release was the only option for his mother's care, or that his situation was so rare as to qualify as "extraordinary"). Additionally, Mr. Hanner submitted no proof to this Court, beyond his unsupported representation, that he would have employment at Poole Timber, LLC if released from prison. (Doc. 147). Mr. Hanner also has not explained how he will care for his mother while working at Poole Timber or how he might shield his mother from COVID-19, given his presumed intention to work daily and his potential contact with persons of varying degrees of inoculation against the virus. See United States v. Crandle, Crim. Action No. 10-35-SDD-RLB, 2020 WL 2188865, at *3-4 (M.D. La. May 6, 2020) (denying compassionate release where the defendant failed to present evidence demonstrating that he was the only person to care for his elderly parents or how he intended to attend to his elderly parents' care while working daily on an industrial job site). Accordingly, the Court finds that Mr. Hanner has failed to demonstrate extraordinary and compelling reasons for his compassionate release.

**B. The Section 3553(a) factors do not weigh in favor of the Hanner's release from prison at this time.**

Since Mr. Hanner has shown no extraordinary or compelling reason for modification of his sentence, we need not consider the Section 3553(a) factors. Thompson, 984 F.3d at 433. However, as a matter of completeness, we will do so to communicate clearly why compassionate release continues be inappropriate at this time. When considering compassionate release motions, we must consider all pertinent circumstances, including the Section 3553(a) factors and Defendant's possible danger to the community if released. See 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the Section 3553(a) factors where applicable) and U.S.S.G. § 1B1.13(2) (requiring consideration of whether the defendant is "a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. 3142(g)"); see also United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (affirming the denial of compassionate release where the district court properly relied on the fact that an inmate suffering from terminal cancer has a violent criminal history, had committed a violent offense, and had served less than half the sentence imposed).

The Government contends that even if Defendant demonstrates an extraordinary or compelling reason for his release (and he does not), Mr. Hanner's motion should be denied because the Section 3553(a) factors weigh against it. (Doc. 150). In a previous ruling, (Doc. 140), we explored the applicability of these factors in great detail, and our analysis remains the same today. We praise the fact that Mr. Hanner has shown considerable self-improvement through his possible employment post-release, amassing of technical and interpersonal skillsets, and attendance of counseling and psychotherapy sessions. (Doc. 147-1). This is how we hope all incarcerated persons spend their time—rehabilitating themselves, learning, and developing in ways that will be contributive and not destructive upon their reunion with the rest of society. However, we cannot turn a blind eye to Mr. Hanner's longstanding violent behavior and criminal activity. Hanner has served a little more than half of his 300-month sentence, and this Court does not find that compassionate release, at this time, represents "just punishment" under the Section 3553(a) factors. 18 U.S.C. § 3553(a)(2)(A).

C. **Mr. Hanner's request for a reduction in sentence based on an alleged computation error would be more appropriately raised in a habeas petition filed pursuant to 28 U.S.C. § 2241.**

Mr. Hanner's alternative request for a reduction in sentence rests on his belief that BOP incorrectly calculated his sentence in excess of 90 days, which coincides with his incarceration subject to state not federal custody. We do not broach the merits of Defendant's position that he should have received credit for time served, and the Government does not concede this fact. (Doc.

150). We do, however, agree with the Government's position that the instant motion does not provide the proper procedural vehicle for such a consideration. The Fifth Circuit instructs that any issues regarding computation of sentencing credits should be addressed in habeas petitions filed pursuant to 28 U.S.C. § 2241 ("Section 2241 motion"). Roach v. United States, 732 F. App'x 325, 326 (5th Cir. 2018) ("Roach's challenge to the execution of his sentence—the BOP incorrectly calculated his sentence by setting the start date of the 108-month term of imprisonment for his Alabama sentence as February 15, 2012—is a proper claim for a § 2241 petition) (citing Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). Section 3582 motions should only be used to request a reduction in the sentence and not challenge the validity of that sentence. Errors in sentence computation go to the validity of a sentence. Id. (citing Jeffers, 253 F.3d at 830). However, nothing in this discussion is intended to suggest a favorable result in a supposed Section 2241 petition. Therefore, we decline to reduce Mr. Hanner's sentence on the sentence computation grounds asserted in the instant motion for the procedural reasons noted.

## IV.     CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's third motion for compassionate release, or in the alternative, reduction in sentence, filed pursuant to 18 U.S.C. § 3582(c)(1)(A) is hereby **DENIED**.

THUS DONE AND SIGNED at Alexandria, Louisiana this _____ day of January 2023.


DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT